IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Gary Bernard Moore, | ) | Case No. 2:21-cv-00390-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court upon a petition brought pursuant to 28 U.S.C. § 2241. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings and a Report and Recommendation ("Report"). On July 20, 2021, Respondent filed a motion to dismiss or, in the alternative, for summary judgment. ECF No. 11. On the same day, this Court issued Orders pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), advising Petitioner of the summary judgment/dismissal procedure and the possible consequences if he failed to respond adequately. ECF No. 12. Despite the explanation of the summary judgment/dismissal procedure and the possible consequences for failing to respond, Petitioner did not respond.[1] On August 27, 2021, the Magistrate Judge gave Petitioner another opportunity to file a response. ECF No. 17. The Magistrate Judge specifically warned Petitioner that

---

[1] Petitioner filed a motion to appoint counsel on July 26, 2021, which was denied on July 27, 2021. ECF Nos. 14, 15.

failing to respond could subject his claims to dismissal. Petitioner has not filed any document in response to the motion or indicating that he intends to proceed with this action.

On September 17, 2021, the Magistrate Judge issued a Report recommending that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with Court orders. ECF No. 19. The Magistrate Judge advised the Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. He did not file objections to the Report, and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the recommendation of the Magistrate Judge.  Accordingly, the petition is **DISMISSED** without prejudice.[2]

IT IS SO ORDERED.

                                                                                                                                            s/ Donald C. Coggins, Jr.
                                                                                                                                            United States District Judge

October 25, 2021
Spartanburg, South Carolina

---

[2] The motion to dismiss [11] is found as **MOOT**.